OPINION
Appellant was initially indicted on a charge of aggravated robbery. On June 27, 1977, appellant pled guilty to robbery as charged in an amended indictment. Appellant was thereafter sentenced to a term of four to fifteen years in Correctional Medical and Reception Center.
On January 27, 1999, appellant filed a Motion to Vacate and/or Withdraw Guilty Plea. Following a hearing on June 1, 1999, the trial court denied appellant's motion via judgment entry filed on June 7, 1999.
Appellant timely filed his appeal "from the June 1, 1999 order overruling his motion to withdraw his plea."
Appellant states one assignment of error for our review:
 THE DEFENDANT'S PLEA WAS NOT MADE KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY BECAUSE THE TRIAL COURT AND DEFENDANT'S TRIAL COUNSEL FAILED TO: 1) ADVISE THE DEFENDANT OF HIS CONSTITUTIONAL RIGHT AGAINST SELF-INCRIMINATION AND 2) FAILED TO ADVISE THE DEFENDANT ON THE ELEMENTS NECESSARY TO FIND HIM GUILTY OF ROBBERY.
Although appellant appeals from the trial court's denial of his motion to withdraw his plea, his brief on appeal argues that he received ineffective assistance of counsel when he entered his plea and that the trial court failed to comply with Crim.R. 11.
In State v. Church (Nov. 2, 1995), Cuyahoga App. No. 68590, unreported, this court reviewed similar circumstances:
 Defendant-appellant, Gerald Church, appeals from an order journalized on January 30, 1995 which denied his motion for a change of plea. However, a review of appellant's sole assignment of error demonstrates that he has failed to claim or argue that any errors occurred during his motion hearing. On the contrary, appellant's sole assignment of error deals exclusively with the alleged ineffective assistance of trial counsel which occurred six months earlier to wit., on June 6, 1994 when appellant originally entered a plea in this case.
 Accordingly, appellant is utilizing the instant appeal to improperly seek review of alleged errors which occurred on June 6, 1994 rather than utilizing the appeal to seek review of errors which occurred on January 30, 1995. This type of "bootstrapping" to wit., the utilization of a subsequent order to indirectly and untimely appeal a prior order (which was never directly appealed) is procedurally anomalous and inconsistent with the appellate rules which contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order. See, Appellate Rules 3(D), 4(A), 5, and 16(A)(3).
App.R. 3(D) requires that appellant designate the order appealed from. Appellant actually attempted to appeal from the hearing wherein he entered his plea; however, this appeal would not be timely. See App.R. 4(A). Appellant should not be permitted to now improperly appeal his original plea.
Pursuant to this court's pronouncement in Church and in accordance with the Appellate Rules, this appeal is dismissed.
This cause is dismissed.
It is, therefore, considered that said appellee recover of said appellant its costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO M. SPELLACY, P.J. and JAMES D. SWEENEY, J., CONCUR.